In the Matter of the Claim of JOSEPH RZESKI, Respondent, against GENERAL DROP FORGE CO., INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — earning capacity — no finding or proof of depreciated earning capacity or earnings following accident — proof, however, shows that at end of period claimant was disabled from normal work and was getting worse — award reversed and case remitted.*

Appeal from an award of the State Industrial Board, made on June 22, 1927.

PER CURIAM. During the period covered by this award claimant worked for his former employer. During eighteen weeks of the period he was paid an average weekly wage slightly less than his weekly wage before the accidental injury, but during fourteen weeks of the period he was paid a weekly wage equal to or greater than his former weekly wage. This was a period of some business depression and there was not always full time work in the employer's business. There is no finding or proof of depreciated earning capacity, or of depreciated earnings, during the period. But there is proof that claimant is suffering from his injury, and there is medical evidence that at the end of the period he was undoubtedly disabled at this time from manual work, that he is getting worse, and it is doubtful if he will ever return to full normal earning power. He may be unable to earn, and suffer from depreciated earnings after the end of the period of this award. The award should be reversed, and the claim remitted. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur. Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.

---

In the Matter of the Claim of JERRY A. GALLIGAN, Respondent, against EDWARD LANGER PRINTING COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — cross-examination of claimant's doctor was improperly restricted — other evidence sustains finding of causal relation.*

Appeal from an award of the State Industrial Board, made on October 26, 1927.

PER CURIAM. The conduct of the referee in curtailing the cross-examination of claimant's doctor was arbitrary and unreasonable. We disapprove of it; but there was evidence to sustain the finding of causal relation, which was the only other question, and we think that no harm resulted. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur. Award affirmed, with costs to the State Industrial Board.