In the Matter of the Claim of ANGELO DE CRESCENZO, Respondent, against APEX CONCRETE Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant's accident occurred on July 30, 1927. The claimant elected to sue a third person and recovered a judgment for $42,375.75 which was affirmed by the Appellate Division, Second Department (232 App. Div. 696), but was reversed by the Court of Appeals and the complaint dismissed (256 N. Y. 630). This happened on May 22, 1931. The claimant then asked for compensation and the claimant has since been paid compensation amounting to $6,213.74 for permanent total disability. The claimant at the date of the accident exhibited symptoms and evidence of severe injury, was unconscious, suffering from shock,

had a concussion of the brain, fracture at the base of the skull, compound, comminuted fracture of both legs, fracture of the odontoid process of the axis and other injuries. He had a fracture of the axis, which is the second vertebra of the neck, and a complete dislocation of the axis. He submitted to two operations. The claimant's spinal canal was tapped and blood was discovered. There was some laceration of the brain, that is injury to the brain cells; this causes pain afterwards or dizziness, headaches and inability to bend over. The neck is permanently stiff. The condition of the claimant is permanent. Dr. Johnson and Dr. Edison at different times both found the claimant suffering from permanent total disability. The referee has adopted their findings and made an award. On October 22, 1934, a hearing was had before the Industrial Board and before the referee. The referee found that the man was permanently totally disabled and made an award. The award was objected to on the ground that there had been no opportunity to cross-examine Dr. Lewy. On January seventh there was a hearing and the case was adjourned two weeks to give an opportunity to cross-examine Dr. Lewy and on the hearing on the adjourned date, January 28, 1935, the referee ordered that the claimant be examined by Dr. McKenna. The adjournment was not for that purpose but to permit the cross-examination of Dr. Lewy who was cross-examined on that date and Dr. Lewy concluded that the claimant was permanently totally disabled. Dr. McKenna's report shows that it was his opinion that the claimant was able to do any work that he could be persuaded to do. The appeal is taken on the grounds that the rulings of the referee and the action of the State Industrial Board in suppressing and failing to consider the report of Dr. McKenna was arbitrary and unjustly deprived the appellants of a fair hearing, and denied them their day in court. The examination of the claimant by Dr. McKenna was a mistake by the referee. Having ordered his examination and the report having been made it should have been considered by the referee. The refusal to do so was arbitrary and unreasonable. We strongly disapprove of such a course but there was substantial evidence to sustain the findings and to support the finding that the claimant was permanently totally disabled and we, therefore, think that the result would not have been changed. Award unanimously affirmed, with costs to the State Industrial Board. (See *Matter of Galligan* v. *Langer Printing Co.*, 223 App. Div. 796.) Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.